AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of __Delaware__

UNITED STATES OF AMERICA
v.
Dion L. **BARNARD**
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case **CR06-73-GMS**.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state
 or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment
 for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in __21 USC § 841__.
  ☐ under 18 U.S.C. § 924(c).
X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: the court finds that there are no conditions or combination thereof that will reasonable assure defendant's appearance as required and the safety of the community for the following reasons:
1. Nature & seriousness of the offense: Defendant is charged with distribution of crack. defendant made a direct sale to a CI under the observation of the DEA. The conversation between the CI and defendant was taped.
2. Weight of the evidence: DEA agent observation of the transaction, taped conversation, controlled setting for the buy and videotape of the transaction. Clearly the evidence in support of defendant's involvement in the offense charged is significant.
3. Characteristics of the defendant: lifelong resident of DE, with substantial family ties to this area (parents, 2 siblings) on probation at the time of the offense (convictions for 2 counts of reckless endangerment 1st, disregarding a police officer, reckless driving and driving while suspended). For those offenses, the facts indicated that defendant fled the scene, almost striking one of the arresting officers with his vehicle. Prior convictions include manufacture of counterfeit schedule I narcotic substance (reduced from trafficking in cocaine) May 1996, possession of a narcotic controlled schedule II substance March 1999, resisting arrest June 1999, k numerous traffic related offenses including unauthorized use of a vehicle and receiving stolen property, possession with intent to deliver October 1999 (discharged from probation as unimproved in August 2001), possession of a non-narcotic schedule II controlled substance November 1999 and then the convictions in 2004 noted above for which he was on probation. Although historically defendant has made his court appearances, he has not been compliant with probation requirements and his last conviction involved his attempt to flee police.

FILED
AUG 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

August 3, 2006
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).