# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA     :
                         :      **CR CASE NO. 06-73** G-m S

          **vs.**            :

                         :

**DION L. BARNARD**         :

     **Defendant**         :

## MOTION TO SUPPRESS
## STATEMENTS AND EVIDENCE
### and
## MOTION TO ALLOW DEFENSE
## TESTING/WEIGHING DRUG EVIDENCE
### and
## MOTION TO COMPEL DISCLOSURE
## OF GOVERNMENT'S CONFIDENTIAL INFORMANT

The Defendant, Dion L.Barnard by and through his attorney, Joseph A. Ratasiewicz, Esquire, moves this Court for an Order suppressing as evidence any statements or writings made by Defendant, including but not limited to any conversations overheard by agents of the Government, interviews with agents of the Government, the FBI and any other law enforcement agencies and any physical evidence seized from the person or possession of this Defendant and as grounds for this Motion states:

(1)     Any statements, oral or written, made by this Defendant were elicited by coercion without the Defendant being advised of and afforded his rights under the Fifth Amendment to the United States Constitution and while Defendant was in custody and such statements are therefore involuntary and inadmissible.

(2)     Any testimony or other evidence relating to or based upon said statements

-2-

were obtained as a direct result of the violations of Defendant's rights under the Fifth Amendment, as aforesaid, and are therefore inadmissible.

(3)    Defendant was not advised in clear and unequivocal terms of his right to remain silent prior to his interrogation.

(4)    Defendant was placed under undue stress and emotional duress to make any such statements.

(5)    All of the abovementioned were in violation of the Constitutional rights of the Defendant under the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the rights enumerated by the Miranda decision as handed down by the United States Supreme Court.

(6)    Defendant believes and hereby avers that any physical evidence seized from the person or possession of the Defendant or from his residence was not the result of a search warrant authorizing the search of Defendant's person or property but was the result of an illegal search and seizure without probable cause or any other legal authority.

(7)    Defendant believes that the weight and content of the alleged crack cocaine as reported by the Government is inaccurate and unreliable and does not contain a proper ratio of a mixture that would qualify under Title 21 U.S. Code §841(a)(i) & (b)(i)(A) as being more than Fifty (50) grams of said mixture; and thus, requests allowance to have said drug tested by a qualified/certified laboratory.

(8)    Government has allegedly used a confidential informant during the alleged drug transaction to set up said drug transaction and subsequent identification of

Defendant.

(9)     As Defendant contests the veracity, credibility and authenticity of the identification of the confidential informant, coupled with the fact that the alleged drug transaction occurred twelve (12) months ago and the Government having no compelling reason for withholding the name of the confidential informant, in the interest of justice, Defendant moves that the Government disclose the name of the confidential informant to the defense.

**WHEREFORE,** for all of the above-mentioned reasons, Defendant respectfully requests that this Court enter an Order granting Defendant's Motion to suppress statements and forever hereby barring the Government from using any such statements in the trial of the case of this matter against this Defendant.

For all of the above-mentioned reasons, Defendant respectfully requests that this Honorable Court enter an Order suppressing any and all evidence seized in connection with the search and seizure in this case and barring the Government from using or referring to such evidence in any way in the trial of the above entitled case.

For all of the above reasons, the Defendant respectfully requests that this Honorable Court enter an Order allowing the weighing/testing of the seized drug evidence.

For all the above- mentioned reasons, Defendant respectfully requests that this Honorable Court enter an Order upon the prosecution to disclose the name of its confidential informant to the defense.

-4-

Respectfully submitted:

**FRONT STREET LAWYERS, P.C.**

BY: _____

       **JOSEPH A. RATASIEWICZ, ESQUIRE**
       **Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CR CASE NO. 06-73** |
| vs. | : | |
| | : | |
| DION L. BARNARD | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO SUPPRES**

Defendant, by and through his attorney, files this Memorandum of Law in Support of Motion to Suppress, and states as follows:

**I.     BACKGROUND**

On or about January 12, 2006, Defendant allegedly sold crack cocaine to a confidential informant at a convenience store in Wilmington, Delaware.  Federal Agents who allegedly were in the vicinity of the convenience store did not observe the alleged transaction.  No arrest of the Defendant was made on that date.

On or about April 28, 2006, Federal Agents, while allegedly speaking to a confidential informant and showing said confidential informant a picture of the Defendant, acquired identification of the Defendant as being the seller of drugs at the convenience store on January 12, 2006.  Based on said alleged identification, Federal Agents filed a Complaint with attached Affidavit.  Said Complaint and Affidavit are

-6-

attached hereto as Exhibit "A" and made a part hereof.

On or about June 14, 2006 while Defendant was at his Parole Agent's office for an appointment, Defendant was detained, placed in custody and turned over to the Federal Agents pursuant to the April 28, 2006 Federal Complaint and Warrant. Defendant was then driven by both Federal Agents and the Parole Agent to a residence in Wilmington, Delaware; Defendant was handcuffed throughout. While at said residence, Federal Agents searched the residence for drugs. No drugs were found but agents seized various items including mailings, letters and money. The Prosecution is attempting to use said items to identify the Defendant with regard to the January 12, 2006 alleged drug sale.

## II.    **ARGUMENT**

The requirements that statements be voluntary are drawn both from the Fifth Amendment Right against Self-Incrimination and the Due Process Clause. A statement is involuntary if it is extracted by any sort of threats or violence or obtained by any direct or implied promises, however slight, or by the exertion of any improper influence. Hutto v. Ross, 429 U.S. 28, 97 S.Ct. 202 (1976). The test is whether, considering the totality of circumstances, the Government obtained the statement or statements by physical or psychological coercion or improper inducement so that the Defendant's will was overborne. Haines v. Washington, 373 U.S. 503, 83 S.Ct. 1336 (1963). The Government must prove by preponderance of the evidence that the accused made statements voluntarily. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619 (1972).

It is believed that the Defendant did not validly execute a waiver of his rights, nor

otherwise waive his rights, prior to any custodial interrogation as above described.

Defendant believes the Government will be unable to show compliance with the warning

and waiver requirements of <u>Miranda v. Arizona,</u> 384 U.S. 426, 86 S.Ct. 1602, (1966).

Furthermore, if any waiver is alleged by the Government, it is believed that said waiver

was involuntary and without the benefit of counsel.

Any evidence obtained as a result of illegally obtained statements, including

subsequent statements, should be suppressed as a fruit of the initial illegality, <u>Wong Sun</u>

<u>v. U.S.,</u> 371 U.S. 471, 83 S.Ct. 407, (1963).

Defendant hereby requests a hearing on this Motion, as factual findings will be

required for a ruling on this Motion.

### (ILLEGAL SEARCH & SEIZURE)

A search warrant may not be issued unless probable cause is shown that the items

mentioned in the warrant would be found at the place specifically requested to be

searched and the warrant alleges that a crime has occurred.  <u>U.S. Ex Rel. Campbell v.</u>

<u>Rundle,</u> 327 F.2d 153 (3$^d$ Cir. 1964); <u>U.S. Const. Amend.</u>4.  The Fourth Amendment to

the United States Constitution prohibits unreasonable searches and seizures.

The totality of the circumstances must be examined to determine whether a search

and seizure is reasonable under the Fourth Amendment.  <u>U.S. v. Knights,</u> 534 U.S.112,

122 S.Ct. 587 (2001).

Probable cause to search cannot be based upon information that has become stale

and therefore unreliable. <u>U.S. v. Zimmerman,</u> 277 F.3d 426 (3d Cir.2002).  In addition,

the police may not circumvent the need for probable cause by hiding behind the authority

of another agency unless there is reasonable suspicion to conduct such search. <u>Griffin v.</u>

<u>Wisconsin</u> 483 U.S. 868m, 107 S.Ct. 3164 (1987).

It is clear that on June 14, 2006, Defendant was detained by Probation Officers at

the New Castle County Probation Facility due to Defendant having a Federal warrant and

new charges. It is also clear that the Federal warrant and new charges were based upon

an incident that allegedly occurred on January 12, 2006 (5 months earlier). It is

additionally clear that custody of Defendant was transferred to Federal Agents on June

14, 2006 at the same location. Defendant's alleged probation violation, i.e. new Federal

charges, had already occurred as of June 14, 2006. Probation Officer had no other basis,

technical or otherwise, to detain the Defendant.

Federal Agents searched the residence of Defendant on June 14, 2006 in search of

drugs. The Agents lacked reasonable suspicion to believe that Defendant, based upon an

alleged drug sale five (5) months prior thereto, was in possession of any illegal drugs.

Furthermore, Federal Agents lacked any probable cause to search Defendant's residence

as there was no fresh information regarding Defendant's alleged illegal drug activity.

Given that Defendant was "in custody" and thereby secured in handcuffs in a police car,

the Agents should have applied for a search warrant before searching the residence of the

Defendant. ( <u>Zimmerman</u>, Supra.)

Moreover, the Federal arrest warrant in this case was issued in April 2006 giving

the Government ample opportunity to secure a search warrant of Defendant's residence

based on their suspicions; they failed to do so.

Based upon the above, Defendant believes that the Government and its agents conducted an illegal search and seizure of Defendant's residence and was in violation of the Fourth Amendment of the United States Constitution.

Based upon the above, Defendant believes that any evidence seized by the Government should be suppressed and excluded under the Exclusionary Rule.

Respectfully submitted:
**FRONT STREET LAWYERS, P.C.**

BY:_____
**JOSEPH A. RATASIEWICZ, ESQUIRE**
**Attorney for Defendant**
**Attormey I.D. # 47453**

-10-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR CASE NO. 06-73 |
| | : | |
| vs. | : | |
| | : | |
| DION L. BARNARD | : | |

## CERTIFICATION OF SERVICE

I, **JOSEPH A. RATASIEWICZ, ESQUIRE,** attorney for Defendant, certifies

that a copy of Defendant's Motion to Suppress and accompanying documents was served

on the following individual via First Class U.S. Mail Postage Prepaid on

_January 3,_____, 2006.

> **Shannon Thee Hanson, Esquire**
> **U.S. Department of Justice**
> **U.S. Attorney's Office, District of Delaware**
> **The Nemours Bldg.**
> **1007 North Market Street, Suite 700**
> **P.O. Box 2046**
> **Wilmington, Delaware  19899-2046**

Respectfully submitted:
**FRONT STREET LAWYERS, P.C.**

BY: _____
     **JOSEPH A. RATASIEWICZ, ESQUIRE**
     **Attorney for Defendant**

Date: _1/3/07_____

-11-

**EXHIBIT "A"**

AO 91 (Rev. 12/93) Criminal Complaint ■

## United States District Court

COPY FOR YOUR
INFORMATION

DISTRICT OF _____ DELAWARE _____

UNITED STATES OF AMERICA

REDACTED

v.

**Criminal Complaint** 06- **62M**

**DION L. BARNARD**

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my

knowledge and belief. On or about January 12, 2006, in New Castle _____ County, in the District of _____ Delaware_ defendant,

**Dion L. Barnard**

did knowingly distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(A)

in violation of Title _21_____ United States Code, Section _841(a)(1) and (b)(1)(A)_____.

I further state that I am a _Task Force Officer with the DEA____ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:     YES

_Signature of Complainant_
Donald R. Pope
Task Force Officer
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

_April 28, 2006_____          at   _Wilmington, DE_____
Date                                              City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                  Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant Donald R. Pope, being duly sworn and deposed, states as follows:

1.      Your Affiant is a Task Force Officer with the United States Drug Enforcement Administration (hereinafter "DEA"). As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have been a Task Force Officer with DEA for approximately two and a half years, currently assigned to the Wilmington, Delaware, Resident Office. Among other duties, I am now responsible for the instant investigation.

2.      I have been employed by the Delaware State Police ("DSP") for the past eighteen (18) years. During my employment with the DSP, including my tenure as a Task Force Officer with the DEA, I have participated in numerous drug and money laundering investigations during the course of which I have conducted physical and wire surveillance, executions of search warrants, reviews and analyses of taped conversations and records of drug traffickers. Therefore, I am familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, and the efforts of persons involved in such activity to avoid detection by law enforcement, as well as methods used to finance drug transactions and launder drug proceeds.

3.      On January 12, 2006, your affiant met with a DSP informant regarding information on a subject that sold crack cocaine. The informant stated that he/she knew a subject that drove a white Honda Accord (DE tag                    . The Delaware DMV information for this tag number comes back to a 1993 Honda Accord registered to Dorenda May Richardson,                    , Wilmington, Delaware 19805, which registration was effective December 7, 2005. The informant described the subject as a black male, approximately 6 feet tall and 200 pounds, with black hair and brown eyes. The informant knew the subject as "Ross,"a then-current probationer with Delaware State Probation and Parole. The informant further knew that "Ross" frequented the Southbridge area of Wilmington, Delaware.

4.      Prior to January 12, 2006, the informant had spoken with "Ross" and the informant and "Ross" had agreed to meet at the Shell gas station at the corner of Walnut and "A"Streets, Wilmington, Delaware on January 12, 2006 at approximately 2:00 p.m. for the purpose of the informant purchasing crack cocaine from "Ross." Accordingly, your affiant arranged to have the informant proceed with the previously agreed upon meeting, for the purpose of purchasing crack cocaine.

5.      On January 12, 2006, at approximately 1:30 p.m., your affiant met with the informant and briefed him/her on the procedures for the anticipated purchase of crack cocaine from "Ross." At that time, your affiant searched the informant and found him/her to be free of any drugs, weapons, contraband or currency. Your affiant then outfitted the informant with an audio transmitter and a video camera (the video camera failed) and $2,000 in U.S. currency. Your affiant then traveled by car with the informant to the Shell gas station at the corner of Walnut and

"A" Streets, arriving at approximately 1:50 p.m.

6.      At approximately 2:04 p.m. on January 12, 2006, "Ross" and an unknown black male passenger arrived at the Shell station. "Ross" was driving a white Honda Accord, DE registration⁄ _                          "Ross" parked the car and got out and walked inside the Shell gas station. At the same time, the informant got out of your affiant's car and likewise walked inside the Shell gas station. The male passenger remained in the Honda Accord. The activity outside the Shell gas station was recorded via handheld camera by a DEA Special Agent.

7.      At approximately 2:13 p.m., "Ross" and the informant left the Shell gas station. "Ross" got back into the Honda accord and left the Shell gas station, heading East Bound on "A" Street. The informant got back into your affiant's car, and your affiant took possession of a plastic bag containing a suspected controlled substance which the informant had purchased from "Ross." Your affiant and the informant then returned to the Wilmington Resident Office, and the informant was searched and found to be free of drugs, weapons, currency or contraband. After returning to the Wilmington Resident Office, the suspected controlled substance was field tested and tested positive for the presence of cocaine. The substance was also weighed and found to weigh approximately 112 gross grams (which included packaging and evidence bagging). The substance was subsequently sent to the DEA North East Laboratory where it was confirmed to be cocaine base with a net weight of 69.2 grams.

8.      In April 2006, "Ross" was identified as Dion L. Barnard. Barnard is currently an active probationer. Barnard's DELJIS information lists his current address as_
Wilmington, Delaware, the same address as on the registration for the vehicle Barnard drove to the January 12, 2006 cocaine deal at the Shell gas station. In April 2006, the informant positively identified Barnard as the man he knew as "Ross" and from whom he purchased the crack cocaine on January 12, 2006 at the Shell Station.

        Based on the above information, I believe that there is probable cause to believe that on or about January 12, 2006, Dion L. Barnard violated Title 21, United States Code § 841(a)(1) and (b)(1)(A) by distributing fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base.

                                        TFO _____
                                        Donald R. Pope, Task Force Officer
                                        Drug Enforcement Administration

Subscribed and sworn to before me on
this the 28th day of April 2006.

_____
Honorable Magistrate Judge Mary Pat Thynge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CR CASE NO. 06-73** |
| **vs.** | : | |
| | : | |
| **DION L. BARNARD** | : | |
| **Defendant** | : | |

## O R D E R

**AND NOW,** this     day of               , 2006, it is hereby **ORDERED**  that any and all statements made by the Defendant to Federal and local agents during the arrest are suppressed; and that any and all items seized at Defendant's residence are the result of an illegal search and seizure and such evidence is hereby suppressed from use by the Government in their prosecution of Defendant. Defendant is hereby **GRANTED** leave to acquire a certified laboratory to test/weigh the drug evidence and to contest any contrary finding in a subsequent Motion and/or at trial; the Government is hereby **ORDERED** to disclose the name of their confidential informant used by them in pursuing and prosecuting the Defendant.

### BY THE COURT:


_____**J.**