# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No.  06-73-GMS |
| | ) | |
| DION BARNARD, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT REQUEST FOR JURY INSTRUCTIONS

The parties, through undersigned counsel hereby move the Court to consider the following

jury instructions.  The parties also reserve the right to request a modification of the instructions

herein provided or to request any other such additional instructions suggested by the evidence.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


By:   /s/ Shannon T. Hanson
        Lesley F. Wolf
        Shannon T. Hanson
        Assistant United States Attorneys
        1007 N. Orange Street, Suite 700
        Wilmington, Delaware  19899
        (302) 573-6277 x106


Dated:  March 11, 2008

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ROLE OF JURY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CREDIBILITY OF WITNESSES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

NOT ALL EVIDENCE, NOT AL WITNESSES NEEDED . . . . . . . . . . . . . . . . . . . . . . . . . 14

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT . . . . . . 15

NATURE OF INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

OPINION EVIDENCE (EXPERT WITNESS) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICERS . . . . . . . . . . . . . . . . 19

AUDIO-VIDEO RECORDINGS (CONSENSUAL) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

AUDIO-VIDEO RECORDINGS (TRANSCRIPTS) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

FINGERPRINT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE . . . . . . . . . . . . . . 23

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

NATURE OF THE CHARGES: INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CONTROLLED SUBSTANCES – POSSESSION WITH INTENT TO DISTRIBUTE
CONTROLLED SUBSTANCES, 21 U.S.C. § 841(a), (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

CONTROLLED SUBSTANCES – POSSESSION DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . 27

CONTROLLED SUBSTANCES – CONTROLLED SUBSTANCES DEFINED. . . . . . . . . . . . 28

## TABLE OF CONTENTS CONTINUED

**PAGE**

CONTROLLED SUBSTANCES – KNOWINGLY OR INTENTIONALLY DEFINED . . . . . . . 29

CONTROLLED SUBSTANCES – INTENT TO DISTRIBUTE DEFINED . . . . . . . . . . . . . . . . . 30

DELIBERATIONS AND VERDICT: INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

## PROPOSED VERDICT FORM

PROPOSED VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

## PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

Duty of the Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1.     Statements, arguments, and questions by lawyers are not evidence.

2.     Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that

instruction.

3.     Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4.     Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

Rules For a Criminal Case

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent unless proven guilty.  The indictment against the defendant brought by the government is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts with a clean slate.

Second, the burden of proof is on the government throughout the case.  A defendant does not have the burden of proving his innocence, or to present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

Third, in order to prove the defendant guilty, the government must prove his guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Summary of Applicable Law

In this case the defendant is charged in a one-count indictment with Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Which Contains Cocaine Base. I will give you detailed instructions at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government prove beyond a reasonable doubt.

The essential elements of the charged offense are as follows:

*First*, that the defendant possessed a mixture or substance containing a controlled substance;

*Second*, that the defendant possessed the controlled substance knowingly or intentionally;

*Third*, that the defendant intended to distribute the controlled substance;

*Fourth*, that the controlled substance was cocaine base;

*Fifth*, that the weight of the mixture or substance containing the controlled substance was 50 grams or more.

Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, even with each other. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use – they are not to be given or read to anyone else.

<u>Course of the Trial</u>

The trial will now begin. First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence not arguments.

The government will then present its witnesses and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

## ROLE OF JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, 3d Circuit, § 3.01.

## **EVIDENCE**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits;

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties; and

(4) Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be

received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion

about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, 3d Circuit, § 3.02.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence have been used in this trial, "direct evidence" and "circumstantial evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

Model Criminal Jury Instructions, 3d Circuit, § 3.03.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, 3d Circuit, § 3.04.

## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

[*In this case, the defendant presented evidence and produced witnesses.*]  The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

Model Criminal Jury Instructions, 3d Circuit, § 3.05.

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with him unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or

from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Model Criminal Jury Instructions, 3d Circuit, § 3.06.

## **NATURE OF THE INDICTMENT**

As you know, the defendant is charged in the Indictment with violating federal law, specifically with possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of the charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Model Criminal Jury Instructions, 3d Circuit, § 3.07.

-16-

## OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from DEA Special Agent David Hughes as an expert in narcotics trafficking and _____ as an expert in fingerprint identification and analysis. Because of his knowledge, skill, experience, training, or education in the field of narcotics trafficking, Special Agent Hughes was permitted to offer opinions in that field and the reasons for those opinions. Because of ___ knowledge, skill, experience, training, or education in the field of fingerprint identification and analysis, _____ was permitted to offer opinions in that field and the reasons for those opinions.

The opinions of either of these witnesses should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that Special Agent Hughes's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Model Criminal Jury Instructions, 3d Circuit, § 4.08.

## **CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICERS**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Model Criminal Jury Instructions, 3d Circuit, § 4.18.

## AUDIO-VIDEO RECORDINGS (CONSENSUAL)

**Note: In a discussion with defense counsel on 3/11/08, he reserved the right to file his own version of this instruction**

During the trial you heard and saw audio and video recordings of conversations with the defendant made without his knowledge.   These recordings were made with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

Model Criminal Jury Instructions, 3d Circuit, § 4.04.

## AUDIO/VIDEO RECORDINGS - TRANSCRIPTS

You have heard audio and video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

Model Criminal Jury Instructions, 3d Cir. § 4.06.

## FINGERPRINT EVIDENCE

**Note: During a discussion on 3/11/08 with defense counsel, he reserved the right to file his own version of this instruction**

When the identity of the person who committed a crime is in question, the parties may introduce fingerprint evidence to try to prove who committed the crime. To do this, a party may present a "known" sample of a person's fingerprint, one that is proved to come from that person. This known fingerprint sample is then compared with any fingerprint being introduced to prove who committed the crime. In this case, the "known" sample is the fingerprint card and testimony produced by the government which, if believed, establishes that the fingerprints on the card are the defendant's and the government's expert has compared that fingerprint found on the baggie here with those on the fingerprint card.

In this case you also heard the testimony of a witness who claims special qualification in the field of fingerprint identification. The witness was allowed to express an opinion in order to help you decide whether the disputed fingerprint connected to the crime in question is the defendant's fingerprint. You may therefore consider the witness' opinion in reaching your independent decision on this issue.

Model Criminal Jury Instructions, 3d Cir. § 4.13.

**DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE** [if applicable]

The defendant, Dion Barnard, did not testify and did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Model Criminal Jury Instructions, 3d Circuit, § 4.27.

## **DEFENDANT'S TESTIMONY** [if applicable]

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Model Criminal Jury Instructions, 3d Circuit, § 4.28.

## **NATURE OF THE CHARGE INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment.  Your job is limited to deciding whether the Government has proved the particular crime charged was committed by the defendant.

Adapted from Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

## CONTROLLED SUBSTANCES – POSSESSION WITH INTENT
## TO DISTRIBUTE CONTROLLED SUBSTANCES, 21 U.S.C. § 841(a) & (b)

Count One of the Indictment charges Defendant Dion Barnard with possessing 50 grams or more of a mixture or substance containing a controlled substance, specifically cocaine base, with the intent to distribute the controlled substance, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following five elements beyond a reasonable doubt:

- *First,* that the defendant possessed a mixture or substance containing a controlled substance;

- *Second,* that the defendant possessed the controlled substance knowingly or intentionally;

- *Third,* that the defendant intended to distribute the controlled substance;

- *Fourth,* that the controlled substance was cocaine base;

- *Fifth,* that the weight of the mixture or substance containing the controlled substance was 50 grams or more.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841A.

## CONTROLLED SUBSTANCES – POSSESSION DEFINED

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that the defendant physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession - that is, that the defendant had the ability to take actual possession of the substance when the defendant wanted to do so - you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841A.

**CONTROLLED SUBSTANCES – CONTROLLED SUBSTANCE DEFINED**

You are instructed that, as a matter of law, cocaine base is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the defendant possessed with the intent to distribute a mixture or substance containing cocaine base.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841-3.

## CONTROLLED SUBSTANCES OFFENSES –
## KNOWINGLY OR INTENTIONALLY DEFINED

To act knowingly, as used in the offense charged, means that the defendant was conscious and aware that he was engaged in the acts charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that the defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that the defendant knew that what he possessed with intent to distribute was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact a mixture or substance containing cocaine base and that the weight of the controlled substance was 50 grams or more. However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he possessed was a controlled substance, you need not find that the defendant knew that the controlled substance was a mixture or substance containing cocaine base and that the weight of the controlled substance was 50 grams or more.

In deciding whether the defendant acted "knowingly or intentionally," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841-4.

## CONTROLLED SUBSTANCES – INTENT TO DISTRIBUTE DEFINED

In order to find the defendant guilty of possession of a controlled substance with intent to distribute, as charged in Count One of the Indictment, you must find that the government proved beyond a reasonable doubt that the defendant intended to distribute a mixture or substance containing a controlled substance. To find that the defendant had the intent to distribute, you must find that the defendant had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether the defendant had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including the defendant's words and actions. In determining the defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

Model Criminal Jury Instructions, 3d Circuit, § 6.21.841-5.

## **DELIBERATIONS AND VERDICT INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, §8.01 (2005).

-30-

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to that Count.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to that Count.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to each of the Counts in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, §8.03 (2005).

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt with respect to each Count.

Pattern Criminal Jury Instructions, 6th Circuit, §8.04 (2005).

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.05 (2005).

## <u>VERDICT FORM</u>

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved a particular charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against her beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, §8.06 (2005).

-34-

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.09 (2005).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Criminal Action No. 06-73-GMS** |
| | ) | |
| **DION BARNARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### JURY VERDICT

As to Count 1, charging the Defendant with possession with intent to distribute 50 grams or more of a mixture or substance of cocaine base, we the jury find the Defendant:

_____    **Guilty**          _____    **Not Guilty**


_____          _____
Jury Foreman                                                     Juror


_____          _____
Juror                                                                Juror


_____          _____
Juror                                                                Juror


_____          _____
Juror                                                                Juror


_____          _____
Juror                                                                Juror

_____

Juror

_____

Juror

Dated: _____

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


BY:    _/s/ Shannon T. Hanson_
           Lesley F. Wolf
           Shannon T. Hanson
           Assistant United States Attorneys

Dated: March 11, 2008