IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-73 GMS |
| | ) | |
| DION BARNARD | ) | |
| | ) | |
| Defendant. | ) | |

# VOIR DIRE

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

(a) to enable the court to determine whether or not any prospective juror should be excused for cause;

(b) to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges -- that is, challenges for which counsel need not give a reason.

- **Staff introduced.**

- **Panel sworn.**

If any of you would answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

This case is expected to take 3 days to try. The schedule that I expect to maintain over those 3 days will be as follows:

We will normally begin the day at 9:00 a.m promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to

serve as jurors for your deliberation. On that day, the proceedings might last beyond 4:30 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1. Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

**SUMMARY OF INDICTMENT**

The Government of the United States alleges one criminal charge against the defendant, Dion L. Barnard. The Government alleges that on or about January 12, 2006, Mr. Barnard distributed more than fifty (50) grams of a mixture containing cocaine base in violation of the laws of the United States.

2. Has any member of the panel heard or read anything about this case?

- **Counsel will be asked to introduce themselves, their firms or agencies**

3. Has any member of the panel or your immediate family (spouse, child, parent or sibling) had any business, social, or personal dealings with either counsel or the United States Attorney's Office?

- **Counsel will be asked to read (or have the court read) names of potential witnesses.**

4. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

5. As I have told you, this case involves charges relating to the distribution of cocaine base, which is a controlled narcotic substance. Is there anything about the nature of the charges that would prevent you from being an impartial juror?

6. Does any member of the panel hold any beliefs, attitudes, or opinions regarding the unauthorized distribution of narcotics and their use which would make it difficult for you to judge, fairly and impartially, a case such as this one where there is an allegation of such distribution activity?

7. Does any member of the panel believe the sale or use of cocaine should be legalized?

8. Has any member of the panel or any member of your family ever been employed by or otherwise been associated with a law enforcement agency?

9. Would the fact that the Drug Enforcement Administration, also known as the DEA, and the Delaware State Police were the investigating and/or participating agencies in this case interfere with your ability to be a fair and impartial juror?

10. Have you or a member of your immediate family ever had an experience with any law enforcement agency or officer that might effect your ability to be a fair and impartial juror?

11. Would you be more likely to accept the sworn testimony of a law enforcement officer than you would the sworn testimony of a civilian witness?

12. Has any member of the panel ever been involved, in any court, in a criminal matter, other than a minor traffic offense, that concerned yourself or a member of your immediate family either as a defendant, a witness, or a victim?

13. Has any member of the panel ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

14. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered in reaching your verdict?

15. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

16. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?