IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal Action No. 06-73-GMS |
| | ) |
| DION BARNARD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

## I.   INTRODUCTION

On June 26, 2006, the grand jury for the District of Delaware indicted Dion L. Barnard ("Barnard") for distribution of over fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (D.I. 12 and 13.) A trial commenced on May 12, 2008, but the court granted a defense motion for a mistrial before the government closed its case-in-chief. (See D.I. 63 at 228.) The mistrial was granted without prejudice (id.), and the court denied Barnard's motion to dismiss the indictment on double jeopardy grounds. (D.I. 64.) The Third Circuit affirmed the court's order denying Barnard's motion to dismiss the indictment. (See D.I. 77 Ex.) Presently before the court is Barnard's motion to compel disclosure of confidential informant (D.I. 90) and supplemental motion to compel additional disclosure (D.I. 113). For the reasons that follow, the court will deny the defendant's motions.

## II.   BACKGROUND

In his initial motion to compel disclosure, Barnard moved for the government to disclose the identity of "any confidential informant used or to be used in this case" and information relating to such informants. (D.I. 90 at 1.) The government responded to the initial motion by noting that a confidential informant had been called as a witness at the first trial, and that the

defendant "knows the identity of such informant and has access to a copy of his testimony during trial." (D.I. 93 ¶ 2.) In his supplemental motion, the defendant appears to shift his focus to an alleged "chain of what is believed to [be] photo identifications implicating the defendant" that the defendant asserts was "based on suggestive and unduly limited photo comparisons." (D.I. 113 at ¶¶ 5-6.) The defendant then moved for the court to direct the government to "disclose to the Defendant prior to any trial the full chain of identification materials and procedures and make available for examination any witness who made identifications or assertions or statements in the course of the same." (Id. at ¶ 13.)

The government's response to the supplemental motion included a detailed set of facts describing the course of the Drug Enforcement Administration ("DEA") investigation that ultimately led to Barnard's arrest. (See D.I. 115 at 2-6.) These facts include a description of two confidential informants who were used during the course of the investigation. One of the informants, referred to as "CS1" in the government's response brief, allegedly purchased 69.2 grams of crack cocaine from an individual he knew as Ross on January 12, 2006. (Id. at 2.) This was the incident at issue in Barnard's indictment. (Compare id. with D.I. 7.) CS1 testified on day one of the defendant's first trial, made an in-court identification of the defendant at that time, and was subject to cross-examination. (D.I. 115 at 6 (citing D.I. 62 at 105-48).)

As to the other confidential informant, CS2, the government's brief indicates that the information provided by CS2 pertained to an uncharged incident in which CS2 saw "Ross" in the residence of a young female who had recently gone missing, and "Ross had just finished up cooking a large quantity of crack cocaine." (Id. at 3) After this incident, CS2 wrote down the tag number of Ross's vehicle and gave it to the DEA task force officer. (Id.) After further investigation linked the missing female to Barnard, the DEA officer showed Barnard's driver's

2

license to CS2 with the name on the license redacted, and CS2 identified the man in the driver's license picture as "Ross." (Id. at 3-4.) Law enforcement officers later showed a similar photograph to CS1, who also identified Barnard as "Ross." (Id. at 4.) Information obtained from the Delaware Criminal Justice Information System also stated that the vehicle with the tag number provided by CS2 was registered at an address linked to Barnard, who was on probation at the time. (Id.) The Delaware Department of Corrections, Office of Probation and Parole approved a search of Barnard's residence, which led to additional evidence linking Barnard to the charged offense. (Id.) Barnard's probation officer later testified at a suppression hearing before Barnard's trial that the request for a probation search was based on a number of factors, none of which pertained to the information provided by CS2. (Id.) The government asserts that "the information provided by CS2 did not relate to the charge contained in the Indictment" and that the government has repeatedly informed the defendant and represented to the court that it "would not call CS2 to testify at trial." (Id. at 6.)

## III. DISCUSSION

In *United States v. Roviaro*, 353 U.S. 53 (1957), the Supreme Court recognized that the Government retains the privilege to withhold from disclosure the identity of confidential informants. The Court also held, however, that the privilege is not absolute. "Where the disclosure of the informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. If the defendant meets this initial requirement, the court must balance the defendant's need for the disclosure in order to prepare his defense against the public interest in protecting the flow of information from confidential informants. *Id.* at 61. *See also United States v. Jiles*, 658 F.2d 194, 196 (3d Cir. 1981).

3

The court in *United States v. Tunnell*, addressed a situation where the government used a confidential informant to purchase crack cocaine from the defendant in a controlled sale. No. 08-cr-149, 2009 WL 825748, at \*1 (D. Del. March 25, 2009). The government used the information from this sale to obtain a search warrant for the defendant's home. *Id.* During their search, agents discovered crack cocaine in the defendant's home. *Id.* The government initially indicted the defendant for the sale of crack cocaine to the informant, but later dismissed that count of the indictment and instead prosecuted the defendant only for possession of the crack cocaine discovered in his home. *Id.* The Honorable Joseph J. Farnan, Jr. reasoned:

> Where the confidential informant is akin to a tipster, disclosure is generally not warranted. *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). Here, the Government, by dismissing the count . . . pertaining to the direct sale of crack cocaine to the informant, has relegated the role of the informant to something akin to a mere tipster. In fact, the Government has confirmed that because the informant did not participate in the August 2008 search of Mr. Tunnell's residence, he will not be called as a witness at trial. The informant's only role in this case was to assist in providing probable cause for the search warrant. The results of the subsequent search independently form the basis for the only remaining charge.

*Id.* at \*6. Consequently, the court denied the defendant's motion to compel the government to reveal the identity of the confidential informant. *Id.*

Similarly, in *United States v. Lindsey*, Judge Farnan denied a defendant's motion to compel disclosure of a confidential informant and stated that:

> Regardless of whether the informants are merely tipsters or individuals who fall within the third category of people to whom *Roviaro* is applicable (e.g. those people who fall between tipsters and the "the extreme situation" . . . in which the informant[s] ha[ve] played an active and crucial role in the events underlying the defendant's potential criminal liability"), the Court concludes that Mr. Lindsey has not demonstrated that the identities of the informants are essential to his defense.

No. 08-cr-97, 2009 WL 510861, at \*6 n.5 (D. Del. Feb. 27, 2009).

4

In this case, CS2 did not provide information relating to the crime charged in Barnard's indictment. CS2 only provided information relating to uncharged activities that occurred well after the charged conduct and that helped law enforcement officers determine that "Ross" was, in fact, Barnard. The government has made it clear that CS2 will not be called to testify at Barnard's trial. Thus, the fact that CS2 provided an out-of-court photo identification of Barnard during the investigation is irrelevant to these proceedings. CS2, like the confidential informants in *Tunnell* and *Lindsey*, played a role akin to a tipster in the investigation that ultimately led to Barnard's arrest.

In addition, Barnard does not explain how knowledge of CS2's identify would help establish his guilt or innocence, nor does he cite any cases that stand for the proposition that a defendant can compel the government to disclose the identity of a confidential informant who did not provide information relating to charged criminal conduct and who will not be called to testify at trial. Barnard has thus failed to show that disclosure of the identity of CS2 would be relevant and helpful to his defense or that disclosure is essential to a fair determination of a cause. Certainly, any slight relevance that the identity of CS2 might have to Barnard's defense is far outweighed by the public interest in protecting the flow of information from confidential informants. For these reasons, the court will deny Barnard's motion to compel disclosure of the identity of CS2 and related information pertaining to CS2.[1]

---

[1] The court agrees with the government that since CS1 was called as a witness at Barnard's previous trial, Barnard already knows CS1's identity and has access to his trial testimony, and thus Barnard's request for disclosure regarding CS1 is moot. The court has had some difficulty discerning whether Barnard's motion seeks the disclosure of any information besides the identity of confidential informants. The defendant's supplemental motion reads:

> 12. It is also believed and therefore respectfully averred that a number of steps occurred in a long, protracted and uncertain process of claimed identification of the defendant which included the use of a single photograph shown to an original informant; the seizure and possible use of a box of photographs taken from Defendant's residence; the statements of a second informant purporting to identify the Defendant's automobile; and various statements and

## IV.    CONCLUSION

For the reasons stated above, the court will deny Barnard's motion to compel disclosure of confidential informant (D.I. 90) and supplemental motion to compel additional disclosure (D.I. 113).


Dated: February ___, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

assertions made by various police officers and their aides from time to time throughout the course of their investigation.

13.   The only appropriate means to insure that error did not occur in this protracted process, is to direct that the government disclose to the Defendant prior to any trial the full chain of identification materials and procedures and make available for examination any witnesses who made identifications or assertions or statements in the course of the same.

14.   Disclosure of each and all of the same are further essential to a meaningful trial of the obvious relevant issues and to the preparation and presentation of a due and adequate defense.

D.I. 113 at ¶¶ 12-14. If Barnard wishes to compel the government to disclose any materials besides information relating to the identity of the informants, he should file a separate motion specifically describing the information sought; the court will not rule on a general request for all information relating to the identification process.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| DION BARNARD, | ) |
| | ) |
| Defendant. | ) |

Criminal Action No. 06-73-GMS

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY
ORDERED that:

1. The defendant's motion to compel disclosure of confidential informant (D.I. 90) is
   DENIED; and

2. The defendant's supplemental motion to compel additional disclosure (D.I. 113) is
   DENIED.

3. A scheduling conference will be held in chambers on _Feb. 16_ , 2010. @ 2:15 pm

Dated: February _1_, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE